UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID ANGEL SIFUENTES III,
Plaintiff,

v.

ADOBE INC.,
Defendant.

Case No. 26-cv-05563-EKL

**ORDER OF DISMISSAL**

Re: Dkt. Nos. 2, 5

This is the third case that self-represented Plaintiff David Angel Sifuentes III has filed against Defendant Adobe Inc. asserting claims arising from a 2013 data breach. The prior cases were filed in the Western District of Michigan in 2023; both were dismissed. *See* Compl. ¶¶ 10-12, ECF No. 1 (acknowledging the prior cases and their dismissal). Now before the Court are Plaintiff's application to proceed *in forma pauperis* and a motion to appoint counsel. *See* ECF Nos. 2, 5. The application to proceed *in forma pauperis* is GRANTED. However, for the reasons that follow, the Court screens the complaint and finds that it must be DISMISSED. The motion to appoint counsel is DENIED.

## I. THE CASE IS DISMISSED

Section 1915(e)(2) requires the Court to screen complaints filed by persons proceeding *in forma pauperis*. The Court must identify any cognizable claims, and dismiss claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Here, Plaintiff asserts claims for: negligence (Count I); breach of contract (Count II); violation of the California Customer Records Act, Cal. Civ. Code § 1798.82 (Count III); violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (Count IV); intentional

United States District Court
Northern District of California

and negligent infliction of emotional distress (Counts V and VI); and declaratory and injunctive relief (Count VII). The claims for negligence and for intentional and negligent infliction of emotional distress (Counts I, V, and VI) are untimely and must be dismissed with prejudice. Because the Court lacks subject matter jurisdiction over the remaining claims, those claims are dismissed without prejudice but without leave to amend in federal court.

### A. Certain Claims Are Untimely

It is appropriate to dismiss untimely claims at the pleading stage when the expiration of the limitations period is "apparent on the face of the complaint." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."). Claims for negligence and intentional and negligent infliction of emotional distress are subject to a two-year statute of limitations. *See* Cal. Civ. Proc. Code § 335.1; *see also Soliman v. CVS RX Servs., Inc.*, 570 F. App'x 710, 711-12 (9th Cir. 2014) ("Under California law, there is a two-year statute of limitations for intentional infliction of emotional distress claims."); *Rahman v. Google LLC*, 819 F. Supp. 3d 1041, 1047 (N.D. Cal. 2025) (Claims for intentional and negligent infliction of emotional distress "are subject to a two-year statute of limitations."). The complaint was filed on June 9, 2026; thus, Plaintiff's claims are time-barred if they accrued before June 9, 2024.

Here, Plaintiff's claims for negligence and intentional and negligent infliction of emotional distress are time-barred because they accrued in November 2022, if not earlier. Plaintiff alleged in his first case that he learned he was a victim of the 2013 Adobe data breach in November 2022. Compl. at 3, *Sifuentes v. Adobe*, No. 1:23-cv-00143-RJJ-PJG (W.D. Mich. Feb. 6, 2023), ECF No. 1 ("*Sifuentes I*").[1] Furthermore, because Plaintiff filed the first case on February 6, 2023, and

[1] At the pleading stage, courts generally do not consider material outside the pleadings. *United States v. Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir. 2011). However, courts may take judicial notice of adjudicative facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Relevant here, courts "may take judicial notice of court filings" in other cases involving the same parties "[t]o determine what issues were actually litigated." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

he asserted the same claims in that case that are at issue here, he was certainly aware of his claims by February 6, 2023. *See* Compl. ¶ 14 (acknowledging that Plaintiff asserted claims in the Western District of Michigan "over three years" ago). Under either the November 2022 or the February 2023 accrual date, Plaintiff's claims are well beyond the limitations period.

Plaintiff invokes equitable tolling to render his claims timely. *See id.* ¶¶ 10-13. Equitable tolling "may suspend or extend the statute of limitations when a plaintiff has reasonably and in good faith chosen to pursue one among several remedies and the statute of limitations' notice function has been served." *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1192 (2013). But here, Plaintiff's claims are untimely even with the benefit of equitable tolling. The Western District of Michigan entered judgment on March 24, 2023, and Plaintiff dismissed his appeal on May 30, 2024. Order, *Sifuentes I*, No. 1:23-cv-00143-RJJ-PJG (W.D. Mich. May 30, 2024), ECF No. 37. Therefore, even if the limitations period was tolled until Plaintiff dismissed his appeal of the first action, more than two years elapsed between that date and Plaintiff's initiation of this case on June 9, 2026.

Moreover, Plaintiff is not entitled to equitable tolling. "Equitable tolling applies only in carefully considered situations to prevent the unjust technical forfeiture of causes of action." *Saint Francis Mem'l Hosp. v. State Dep't of Public Health*, 9 Cal. 5th 710, 729 (2020) (citation modified). "A plaintiff's conduct must be objectively reasonable and subjectively in good faith" to justify the application of equitable tolling. *Id.* Here, Plaintiff's conduct is not objectively reasonable. Plaintiff brought two substantially identical actions in another federal court asserting the same claims against Adobe that are asserted here. *See Sifuentes I*; Compl., *Sifuentes v. Adobe*, No. 1:23-cv-00842-RJJ-PJG (W.D. Mich. Aug. 11, 2023), ECF No. 1 ("*Sifuentes II*"). Plaintiff litigated each case to final judgment and appeal, and then he voluntarily dismissed each appeal. In the years since the first case was dismissed, Plaintiff could have pursued his claims in state court because the claims were dismissed without prejudice for lack of jurisdiction. *See* Judgment, *Sifuentes I*, ECF No. 14. Instead, Plaintiff waited and reasserted the claims in another federal court. Applying the doctrine of equitable tolling here would inappropriately permit serial litigation of identical claims and forum shopping, which the Court declines to do.

The claims for negligence and intentional and negligent infliction of emotional distress are dismissed without leave to amend because granting further leave would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) ("If no amendment would allow the complaint to withstand dismissal as a matter of law, courts consider amendment futile."). The expiration of the relevant limitations period is apparent from the face of Plaintiff's complaint and from the procedural history of the prior litigation, and no facts could render Plaintiff's claims timely or toll the statute of limitations. *See Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018) (Leave to amend need not be granted "when the claims are barred by the applicable statute of limitations.").

**B. Diversity Jurisdiction is Lacking**

Plaintiff argues that the Court may exercise diversity jurisdiction over this action. Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. "The amount in controversy alleged by the proponent of federal jurisdiction . . . controls so long as the claim is made in good faith. To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

Here, it is a legal certainty from the face of the complaint that the jurisdictional threshold is not met. Plaintiff alleges that the amount in controversy exceeds $75,000 based on a combination of "compensatory damages, statutory damages, and punitive damages for severe emotional distress." Compl. ¶ 4. However, as discussed above, Plaintiff is barred from pursuing his untimely claims for negligence or emotional distress, which are the only claims that carried the potential for punitive damages. Punitive damages are not available for the remaining claims for breach of contract, violation of the Unfair Competition Law, and violation of the California Customer Records Act. *Cates Constr., Inc. v. Talbot Partners*, 21 Cal. 4th 28, 61 (1999) ("In the absence of an independent tort, punitive damages may not be awarded for breach of contract[.]"); *Carter v. Jai-Put Enter. Inc.*, No. 18-cv-06313-DMR, 2020 WL 3545094, at *15 (N.D. Cal. June 30, 2020) ("[I]t is well-established that punitive damages are not available for a violation of the

UCL."); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (discussing available remedies under the UCL); Cal. Civ. Code § 1798.82 (providing that a plaintiff may recover under the Customer Records Act for damages and a civil penalty not to exceed $3,000). Therefore, the Court must disregard Plaintiff's allegations of punitive damages.

The only other allegations concerning the amount in controversy relate to the "24.5 hours of personal time [that Plaintiff spent] directly managing the fallout of this data exposure," which Plaintiff values at $857.50. Compl. ¶ 13. The sum of this amount plus other potential damages and the maximum penalty available under the Customer Records Act is well below the jurisdictional threshold. Accordingly, Plaintiff's remaining claims are dismissed for lack of subject matter jurisdiction, without prejudice to refiling in state court.[2]

## II. THE MOTION TO APPOINT COUNSEL IS DENIED

Plaintiff also filed a motion seeking appointment of counsel. ECF No. 5. Generally, the Supreme Court has not recognized a constitutional right to counsel in a civil case – except where an indigent litigant may lose his physical liberty if he loses the litigation. *See Turner v. Rogers*, 564 U.S. 431, 442-49 (2011); *see also Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions."). However, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointing counsel is discretionary and is granted only in "exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims" without counsel in light of the complexity of the legal issues involved. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

---

[2] Plaintiff does not assert any claims that support federal question jurisdiction. The Western District of Michigan previously dismissed Plaintiff's federal claims against Adobe with prejudice on March 24, 2023. Judgment, *Sifuentes I*, No. 1:23-cv-00143-RJJ-PJG (W.D. Mich. Mar. 24, 2023), ECF No. 14. Plaintiff voluntarily dismissed his appeal of that judgment, rendering the judgment final for purposes of claim preclusion as to the federal claims. *Wight v. Montana-Dakota Utilities Co.*, 299 F.2d 470, 472 (9th Cir. 1962). Plaintiff's claim under the Declaratory Judgment Act (Count VII) "does not provide an independent jurisdictional basis for suits in federal court." *Jensen v. Brown*, 131 F.4th 677, 698 (9th Cir. 2025) (citation modified).

Here, there are no exceptional circumstances that warrant appointment of counsel. As discussed above, Plaintiff has not asserted any potentially valid claims over which this Court may exercise jurisdiction. *See, e.g.*, *Koch v. City of Santa Cruz*, No. 24-cv-07684-HSG, 2025 WL 215567, at *4 (N.D. Cal. Jan. 16, 2025) (denying motion to appoint counsel on this basis). Additionally, the Court does not find that the issues in this case are complex, or that Plaintiff is unable to articulate his claims. Although Plaintiff has failed to present a viable claim for the reasons discussed above, this failure is a result of the fundamental legal deficiencies of his claims, not due to Plaintiff's lack of counsel or the complexity of the issues involved.[3] Accordingly, the Court DENIES the motion to appoint counsel.

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's claims for negligence and for intentional and negligent infliction of emotional distress (Counts I, V, and VI) are DISMISSED with prejudice.
2. Plaintiff's remaining claims (Counts II, III, IV, and VII) are DISMISSED without prejudice but without leave to amend in federal court.
3. The motion to appoint counsel is DENIED.

**IT IS SO ORDERED.**

Dated: August 24, 2026



Eumi K. Lee
United States District Judge

[3] Plaintiff has asserted similar data breach claims in numerous other actions and has obtained relief or prevailed against defense motions without the assistance of counsel. *See, e.g.*, Notice of Settlement, *Sifuentes v. Credit Karma, Inc.*, No. 3:25-cv-04480-VC (N.D. Cal. Sep. 30, 2025), ECF No. 30; *see also* Order Denying Mot. to Compel Arbitration, *Sifuentes v. Dropbox, Inc.*, No. 4:20-cv-07908-HSG (N.D. Cal. June 29, 2022), ECF No. 57.